[Civ. No. 3164.   First Appellate District, Division One.—December 26, 1919.]

REUBEN  H.  MITCHELL,  Respondent,  v.  ELLA  L. RUSSELL, Appellant.

[1] QUIETING TITLE—COMMUNITY PROPERTY—EVIDENCE—FINDINGS.—In this action to quiet title to certain real property which stood of record in the name of the deceased wife of plaintiff and which she by her last will and testament undertook to devise to the defendant, the evidence sustains the finding of the trial court that the property was community property of the plaintiff and such deceased wife.

APPEAL from a judgment of the Superior Court of San Diego County.  S. M. Marsh, Judge.  Affirmed.

The facts are stated in the opinion of the court.

P. M. Andrews for Appellant.

A. C. Mouser and John W. Rummage for Respondent.

KERRIGAN, J.—This is an action to quiet title. The plaintiff had judgment as prayed, and the single question presented upon the defendant's appeal is whether or not the evidence sustains the finding of the trial court that the property involved in the action was community property of the plaintiff and his deceased wife.  After a careful examination of the record we have arrived at the conclusion that this question must be answered in the affirmative.

[1] The plaintiff and his wife, Martha L. Mitchell, were at the time of the latter's death living upon the property here concerned, and it stood of record in her name.  By her last will and testament she undertook to devise it to the defendant, her daughter by a former marriage, and she left the remainder of the property standing of record in her name to her husband, the plaintiff.  The testimony tending to support the judgment is as follows: The plaintiff and the deceased were married in Massachusetts in the year 1893, and in the following year they moved to this state, settling in the city of San Diego.  The plaintiff at that time was possessed of $150, and his wife of an amount somewhat in

excess of two thousand five hundred dollars. They lived together in San Diego until the time of the wife's death, which occurred in the month of April, 1917. Shortly after settling in San Diego they began buying and selling parcels of real estate, and in the twenty-three years of their married life there they handled thirty-two pieces of such property, the title to nearly all of which was taken in the wife's name, some, however, being taken in the name of the plaintiff. Upon sales of this property the money representing the price thereof was usually deposited to the credit of Mrs. Mitchell irrespective of whether it stood in her name or that of her husband, although on one occasion the sum of one thousand two hundred dollars, the proceeds of the sale of a parcel standing in her name, was divided equally between them, and was used by them to defray the expenses of a trip east. The plaintiff is by trade a carpenter. For at least ten years after coming to California he followed his trade, and from his earnings and a pension received by him as a veteran of the United States army he was able to save some money, which went into the purchase price of parcels of land bought as mentioned above. He also furnished much of the materials and did most of the carpenter work in improving the greater part of the property purchased. He kept no account of the money thus supplied by him, nor of the value of such materials, nor of the amount of labor so performed. The sums of money the spouses respectively brought to this state, together with any funds subsequently acquired as the result of their transactions of the nature described, were commingled and used indiscriminately in their purchases, without any effort to segregate or keep an account of their respective contributions. The reason why title to the property was as a rule taken in the name of Mrs. Mitchell was, as testified by the plaintiff, that he anticipated at all times that he would predecease his wife, in which event the care and expense of the administration of his estate would be avoided. In so far as the particular piece of property here in question is concerned, it constituted the home of plaintiff and his wife, and the plaintiff was present and participated in the negotiations which resulted in its purchase. As a carpenter he added a room and made other improvements to the house standing upon it, and he furnished the materials for and built a

second house upon the lot. In these instances, as in all others, no account was kept or charge made for his labor or for the materials furnished for the purpose of this improvement. They were regarded as contributions to the general venture.

The trial court found that "said property was purchased and paid for on the twenty-second day of August, 1912, with funds acquired by the joint efforts of plaintiff and said Martha L. Mitchell during their coverture and while residing in the city of San Diego." We think the evidence above narrated sustains this finding, for which reason the judgment is affirmed.

Waste, P. J., and Wood, J., *pro tem.*, concurred.